ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| ESPERANZA TAPIA PIZARRO<br><br>Apelada<br><br>v.<br><br>JULIAN PÉREZ SANTIAGO Y WENDILYS AYALA<br><br>Apelantes | **TA2026AP00456** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Carolina<br><br>Civil Núm. LO2025CV00256<br><br>Sobre: Desahucio en Precario |

Panel integrado por su presidente el Juez Bonilla Ortiz, la Jueza Martínez Cordero y el Juez Robles Adorno.

Bonilla Ortiz, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 20 de mayo de 2026.

Comparecen ante nos el Sr. Julián Pérez Santiago y la Sra. Wendilys Ayala (en conjunto, los apelantes) y nos solicitan que revisemos una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina, notificada el 13 de abril de 2026. Mediante el referido dictamen, el foro primario declaró con lugar la demanda de desahucio, y les ordenó a los apelantes a desalojar la propiedad voluntariamente en 20 días.

Por los fundamentos que expondremos a continuación, **DESESTIMAMOS** el presente recurso por falta de jurisdicción.

### I.

El 4 de diciembre de 2025, la Sra. Esperanza Tapia Pizarro (señora Tapia o "la apelada") presentó una *Demanda* sobre desahucio en precario contra los apelantes.[1] Alegó que, era la dueña y legítima poseedora

---

[1] *Demanda*, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

de una propiedad inmueble ubicada en el Municipio de Loíza, junto con la Sucesión de Gregorio Rivera. No obstante, sostuvo que los apelantes están ocupando la propiedad sin título, autorización, licencia o acuerdo, puesto que, el contrato de subarrendamiento que tenían había sido declarado nulo mediante sentencia final y firme en el caso CA2023CV03479. Así pues, señaló que los apelantes se encontraban en la propiedad en carácter de precaristas. Por lo tanto, arguyó que aun cuando les remitió una notificación solicitando el desalojo, estos permanecen de manera ilegal y en perjuicio de los propietarios. Por lo tanto, solicitó el desahucio en precario contra los apelantes, más las costas, gastos y honorarios de abogado por temeridad.

El 2 de febrero de 2026, los apelantes presentaron una *Moción de Desestimación*.[2] En esencia, señalaron que habían realizado pagos en concepto de canon o renta por el uso del inmueble; y que la apelada intentaba imponer efectos de una sentencia dictada en un litigio del cual ellos no habían sido partes. Por ello, solicitaron se desestimara la demanda.

Por su parte, el 10 de febrero de 2026, la señora Tapia presentó su *Oposición a Desestimación*.[3] Alegó que, entre ella y los apelantes no existía un contrato, ni verbal ni por escrito. A su vez, señaló que la carta de desalojo contenía una prohibición absoluta de realizar o aceptar cánones, rentas o pago alguno, con la consecuencia expresa de que cualquier cantidad transferida se entendería como un obsequio, por lo que, no generaría obligación contractual de ninguna índole.

[2] *Moción de Desestimación*, entrada núm. 16 en SUMAC.
[3] *Oposición a Desestimación*, entrada núm. 21 en SUMAC.

En cuanto a la naturaleza del contrato de subarrendamiento, resaltó que este constituía un negocio jurídico distinto, nuevo e independiente. Asimismo, que su validez y subsistencia dependía de la existencia válida del contrato principal, por lo que, al haber sido declarado nulo el original, no había base jurídica alguna que permitiera la continuación del subarrendamiento.

Evaluadas las mociones, el 13 de abril de 2026, el foro primario notificó la *Sentencia* apelada.[4] Mediante esta, declaró *no ha lugar* a la moción de desestimación y *ha lugar* la demanda de desahucio, por lo que, ordenó a los apelantes a desalojar la propiedad. Como parte de su análisis, emitió las siguientes determinaciones de hechos:

1. La demandante Esperanza Tapia Pizarro es mayor de edad y viuda de Gregorio Rivera.

2. La parte demandada la componen Julián Pérez Santiago y Wendilys Ayala. Ambos son mayores de edad.

3. La demandante Esperanza Tapia Pizarro y sus hijos son cotitulares de la siguiente propiedad:

RÚSTICA: Parcela de terreno localizada en el Sector Punta Maldonado del Barrio Torrecilla Baja, término municipal de Loíza, con una cabida superficial de Cuatro Mil Seiscientos Metros Cuadrados (4,600mc), equivalentes a una cuerda con ciento setenta milésimas de otra (1.70cdas). Linda por el NORTE y ESTE con paseo para bicicletas en alineaciones de 24.00m, 50.00m, 7.00m en arcos, 25.00m y 22.00m; por el SUR con terrenos de varios vecinos en alineaciones de 16.50m, 15.80m y 24.60m, así como terrenos de la Iglesia Evangélica en alineaciones de 22.00m y 7.5m; y por el OESTE con finca principal de la cual se segrega en alineación de 50.00m.

4. La prueba desfilada estableció que la demandante Esperanza Tapia Pizarro y el Sr. John Pyle suscribieron un contrato de arrendamiento sobre la propiedad objeto de controversia. Según la demandante el contrato era por un término de diez (10) años con un canon mensual de arrendamiento de ciento veinticinco dólares

---

[4] *Sentencia*, entrada núm. 29 en SUMAC.

($125.00).[5] Los demandados Julián Pérez Santiago y Wendilys Ayala no fueron parte de dicho contrato.

5. La demandante declaró que un tiempo después, John Pyle le entregó un contrato para su firma, que extendía la duración del contrato de arrendamiento por el término de cien (100) años y un canon mensual de arrendamiento mensual de doscientos cincuenta dólares ($250.00).[6]

6. La demandante declaró que dicho contrato fue declarado nulo por un Tribunal. Surge de la Sentencia dictada el 12 de junio de 2025, en el caso CA2023CV03479, el cual quedo admitida en evidencia, Esperanza Tapia Pizarro Jorge Rivera Tapia, William Rivera Tapia y otros vs. John Pyle, Fulana de Tal y la Sociedad Legal de Gananciales compuesta por ambos; The Dads For Boys, Corp.; Luis A Del Mazo, Tanya Rodríguez y la Sociedad Legal de Gananciales compuesta por ambos; y otros, que el contrato de arrendamiento suscrito el 18 de noviembre de 1998, fue declarado nulo por el Tribunal de Primera Instancia.

7. La parte demandada Julián Pérez Santiago y Wendilys Ayala, ocupan la propiedad antes mencionada desde el año 2021, en virtud del contrato suscrito entre la demandante y John Pyle.

8. La prueba creída y desfilada estableció que entre la demandante y los demandados no existe un contrato de arrendamiento.

9. La parte demandante no desea que los demandados continúen ocupando la propiedad, por lo que solicita que la parte demandada desaloje la propiedad.

Así pues, determinó que la prueba documental admitida en evidencia estableció que el contrato de arrendamiento suscrito el 18 de noviembre de 1998, entre la señora Pizarro y el señor Pyle, fue declarado nulo por el Tribunal de Primera Instancia, y dicha sentencia

---

[5] De la Sentencia dictada el 12 de junio de 2025 en el caso CA2023CV03479, el cual fue admitido en evidencia, Esperanza Tapia Pizarro Jorge Rivera Tapia, William Rivera Tapia Y Otros vs. John Pyle, Fulana de Tal y la Sociedad Legal de Gananciales compuesta por ambos; The Dads For Boys, Corp.; Luis A Del Mazo, Tanya Rodríguez y la Sociedad Legal de Gananciales compuesta por ambos; y otros, surge que contrato de arrendamiento fue suscrito el 2 de diciembre de 1997 y el canon mensual de arrendamiento fue de doscientos cincuenta dólares ($250.00).

[6] De la Sentencia dictada el 12 de junio de 2025, en el caso CA2023CV03479, el cual se admitido en evidencia, Esperanza Tapia Pizarro Jorge Rivera Tapia, William Rivera Tapia Y Otros vs. John Pyle, Fulana de Tal y la Sociedad Legal de Gananciales compuesta por ambos; The Dads For Boys, Corp.; Luis A Del Mazo, Tanya Rodríguez y la Sociedad Legal de Gananciales compuesta por ambos; y otros, surge que contrato de arrendamiento fue suscrito el 18 de noviembre de 1998.

no había sido revocada, y se presumía válida. Por ello, el contrato de subarrendamiento suscrito entre los apelantes y el señor Pyle, dependía de la existencia válida del contrato principal, y al haber sido declarado nulo, no existía base jurídica que les permitiera continuar subarrendando la propiedad.

En desacuerdo, el 16 de abril de 2026, los apelantes presentaron una *Moción de Reconsideración y Solicitud de Paralización*.[7] Por su parte, la señora Pizarro presentó una *Moción en Oposición a "Moción de Reconsideración y Solicitud de Paralización"*.[8]

El 29 de abril de 2026, el foro primario notificó una *Resolución Interlocutoria*, en la cual declaró *no ha lugar* la reconsideración y solicitud de paralización instada por los apelantes.[9]

Aun inconformes, el 6 de mayo de 2026, los apelantes presentaron el recurso de epígrafe en el que alegaron que el foro primario cometió los siguientes errores:

> 1. Erró el Tribunal al aplicar los efectos de una sentencia previa contra los Apelantes sin que estos fueran parte en dicho litigio.
>
> 2. Erró al concluir que la ocupación era en precario sin adjudicar la existencia de pagos.
>
> 3. Erró al resolver controversias complejas mediante un procedimiento sumario.
>
> 4. Erró al incurrir en una aplicación rígida del procedimiento en violación al debido proceso de ley.

Junto con el recurso, los apelantes presentaron una *Moción de Auxilio de Jurisdicción y Solicitud de Paralización*. No obstante, este Foro emitió una

---

[7] *Moción de Reconsideración y Solicitud de Paralización*, entrada núm. 30 en SUMAC.
[8] *Moción en Oposición a "Moción de Reconsideración y Solicitud de Paralización"*, entrada núm. 32 en SUMAC
[9] *Resolución Interlocutoria*, entrada núm. 33 en SUMAC.

*Resolución* en la cual la declaramos *No Ha Lugar* al auxilio, y le concedimos el término de quince (15) días a la parte apelada para que presentara su alegato.

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores. Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

## II.

### -A-

Un término jurisdiccional —contrario a uno de cumplimiento estricto— es fatal, improrrogable e insubsanable, rasgos que explican por qué no puede acortarse, como tampoco es susceptible de extenderse. *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000). Solamente los de cumplimiento estricto, no los jurisdiccionales, pueden eximirse por causa justificada oportunamente invocada. *Íd.*

Los tribunales están llamados a velar por su jurisdicción. *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 267 (2018); *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014); *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 234 (2014); *Cordero et al. v. ARPe et al.*, 187 DPR 445, 457 (2012). Por tal razón, es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por éstas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues éste incide directamente sobre el poder mismo para adjudicar una controversia. *Yumac Home*

*v. Empresas Massó,* 194 DPR 96, 103 (2015)*; Shell v. Srio. Hacienda,* 187 DPR 109, 123 (2012); *Constructora Estelar v. Aut. Edif. Púb.,* 183 DPR 1, 22 (2011); *Souffront v. AAA,* 164 DPR 663, 674 (2005). Por ello, en toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto jurisdiccional. *Horizon v. Jta. Revisora, RA Holdings,* supra, págs. 233-234; *Cordero et al. v. ARPe et al.,* supra, pág. 457; *Cruz Parrilla v. Depto. Vivienda*, 184 DPR 393, 403 (2012).

Es norma firmemente establecida que no tenemos discreción para asumir jurisdicción donde no la hay. *Horizon v. Jta. Revisora, RA Holdings*, supra, pág. 269. Por ello, la falta de jurisdicción no puede ser subsanada, ni el Tribunal puede arrogarse la jurisdicción que no tiene. *Fuentes Bonilla v. ELA*, 200 DPR 364, 372-373 (2018); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009); *Pagán v. Alcalde Mun. de Cataño*, 143 DPR 314, 326 (1997); *Vázquez v. ARPe*, 128 DPR 513, 537 (1991).

Por otro lado, un recurso tardío, priva de jurisdicción al tribunal al cual se recurre. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 501 (2019); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Su presentación carece de eficacia, por lo que no produce efecto jurídico alguno. Ello es así, puesto que, en el momento que fue presentado no había autoridad judicial para acogerlo. *Íd*. Así, un tribunal que carece de jurisdicción sólo tiene autoridad para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.*, supra, pág. 268.

**-B-**

El Artículo 620 del Código de Enjuiciamiento Civil dispone que "[t]ienen acción para promover el juicio de desahucio los dueños de la finca, sus apoderados, los usufructuarios o cualquiera otro que tenga derecho a disfrutarla y sus causahabientes." 32 LPRA sec. 2821. De otra parte, el Artículo 621 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2822, dispone que esta acción sumaria puede interponerse, entre otros, contra un precarista. El precarista es aquel que detenta la posesión material y disfruta de la propiedad de otro, sin título que justifique la posesión material y disfrute del inmueble, por tolerancia o por inadvertencia del dueño. *Diccionario de la Lengua Española,* Real Academia Española, 22ed., Madrid, Ed. Espasa Calpe, 2001, T.II, pág. 1817. El primer párrafo del Artículo 623 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2824, establece:

> Se promoverá el juicio por medio de demanda redactada conforme a lo prescrito para el juicio ordinario por las Reglas de Procedimiento Civil y presentada aquélla, se mandará convocar al actor y al demandado para comparecencia que deberá celebrarse dentro de los diez (10) días siguientes a aquel en que se presente en la reclamación.

El desahucio es un procedimiento judicial disponible al dueño de un inmueble para recobrar su posesión. Se trata de un procedimiento reglamentado por los Artículos 620-634 del Código de Enjuiciamiento Civil, 32 LPRA secs. 2821-2838. Responde al interés del Estado en atender expeditamente la reclamación del dueño de un inmueble, al que le han interrumpido los derechos a poseer y disfrutar su propiedad. El objetivo principal del desahucio es recuperar la posesión de hecho de un bien inmueble mediante el lanzamiento o la expulsión del

arrendatario o precarista que lo detente sin pagar canon o merced alguna. El demandado podrá solicitar que el procedimiento se convierta en ordinario, en caso de que presente otras defensas afirmativas, en consideraciones de otras acciones en relacionadas con la acción de desahucio. *ATPR v. SLG Volmar Mathieu*, 196 DPR 5, 9-10 (2016).

El desahucio es "uno de los procedimientos más utilizados en nuestro país para reivindicar, mediante trámite y juicio sumario, la posesión y el disfrute de un inmueble." *Íd.; Turabo Ltd. Partnership v. Velardo Ortiz*, 130 DPR 226, 234-235 (1992). Las sentencias emitidas como parte del procedimiento de desahucio sumario son apelables. *Adm. Vivienda Pública v. Vega Martínez,* 200 DPR 235, 240 (2018). El Artículo 629 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2831, dispone que:

> Las apelaciones deberán interponerse en el término de cinco (5) días, contados desde la fecha de archivo en autos de la notificación de la sentencia, por las partes perjudicadas por la misma o sus abogados.

### III.

Como cuestión umbral, debemos atender con preminencia si tenemos jurisdicción para atender el recurso de epígrafe presentado por los apelantes, esto, aun cuando las partes no lo hayan planteado. *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003).

Según surge del expediente, el foro primario notificó la *Sentencia* apelada el 13 de abril de 2026. En dicho dictamen, estableció una fianza en apelación por la cuantía de quinientos dólares ($500.00). En desacuerdo, el 16 de abril de 2026, los apelantes presentaron una moción de reconsideración, la cual fue

denegada y notificada por el foro *a quo* el 29 de abril de 2026.

Conforme establece nuestro ordenamiento jurídico, el procedimiento de desahucio establece el término fatal de cinco (5) días contados a partir de la fecha de la notificación de la sentencia para instar el recurso de apelación y pagar la fianza.

No obstante, los apelantes tomaron la fecha del 29 de abril de 2026, como punto de partida para computar el término fatal de cinco días que el Artículo 629 del Código de Enjuiciamiento Civil, *supra*, le concede para presentar el recurso de apelación.

Por consiguiente, tenemos que concluir forzosamente que estamos ante un recurso tardío, respecto al cual no tenemos jurisdicción para considerarlo en sus méritos. La falta de jurisdicción no puede ser subsanada, ni el tribunal puede asumir la jurisdicción que no ostenta. En tales situaciones solo contamos con facultad para declarar la ausencia de jurisdicción y no entrar en los méritos del recurso. Véase, Regla 83(B) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42.

### IV.

Por los fundamentos antes expuestos, **DESESTIMAMOS** el recurso de epígrafe por falta de jurisdicción, por tardío.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones